IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNIONS 181, 320 AND TVA HEALTH AND WELFARE TRUST FUND,<br><br>TRUSTEES OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS,<br><br>TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 181 JOINT APPRENTICESHIP AND TRAINING FUND, and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 181.<br><br>    Plaintiffs,<br><br>-vs-<br><br>MAY CONTRACTING, INC.<br><br>    Defendant. | CASE NO. 4:20-CV-116-JHM |

## COMPLAINT

1. Plaintiffs are a local union and trustees of various multiemployer benefit plans. Defendant May Contracting, Inc. is an employer that is obligated to make contributions to and forward payroll deductions to the union and to the plans based upon contractually agreed rates, so that Defendant's employees may participate in and receive the employee benefits of the plans and the benefit of union membership. Plaintiffs bring this action on behalf of the plans' participants and beneficiaries for the purpose of collecting contributions, deductions, and other amounts due to Plaintiffs.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because one or more the employee benefit plans of which Plaintiffs are trustees are administered within the jurisdiction of the U.S. District Court for the Western District of Kentucky, Owensboro Division.

## THE PARTIES

3. Plaintiffs, the Trustees of the International Union of Operating Engineers, Local Unions 181, 320 and TVA Health and Welfare Trust Fund, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund is administered in Henderson County in the Commonwealth of Kentucky.

4. Plaintiffs, the Trustees of the International Union of Operating Engineers, Local Unions 181 Joint Apprenticeship and Training Fund, are fiduciaries of a Trust Fund created

pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund is administered in Henderson County in the Commonwealth of Kentucky.

5. Plaintiffs, the Trustees of the Central Pension Fund of the International Union of Operating Engineers, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2), (37), 29 U.S.C. §§ 1002(2), (37). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund is administered in the District of Columbia.

6. Plaintiff, the International Union of Operating Engineers, Local Union 181, is a labor organization as defined in 29 U.S.C. §152(5) and an employee organization under ERISA § 3(4), 29 U.S.C. §1002(4), which represents employees for the purpose of collective bargaining in an industry affecting commerce as defined in 29 U.S.C. § 152(7). The Union operates and has its principal place of business in Henderson County in the Commonwealth of Kentucky.

7. Defendant May Contracting, Inc. is a Kentucky corporation with its principal place of business located at 12354 Virginia Blvd., Ashland, KY 41102. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. §

1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

8. At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). A true and accurate copy of the current CBA is attached hereto as **Exhibit A**. A true and accurate copy of Defendant's Acceptance of Agreement is attached as **Exhibit B**.

9. The terms of the CBA require Defendant to make contributions to the Funds of which Plaintiffs are trustees, along with contributions to other employee benefit funds. The terms of the CBA also require Defendant, if authorized by Defendant's employees, to withhold dues from its employees' wages and to remit the dues to the Union on a monthly basis.

10. The CBA incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreements give Plaintiffs the authority to collect employer contributions due to the Funds. True and accurate copies of the Funds' Trust Agreements are attached. See **Exhibit C,** Central Pension Fund Trust; **Exhibit D,** Health and Welfare Trust; and **Exhibit E,** Joint Apprenticeship Trust.

11. Pursuant to the terms of the CBA, Trust Agreements, and/or the policies and procedures adopted by Plaintiffs, Defendant is required to submit all monthly reports and contributions and deductions by the 15th day of the month following the month in which work is performed. In the event that contributions are not made by the due date, they are delinquent and subject to liquidated damages and/or interest.

12. Pursuant to the terms of the CBA, Trust Agreements, and/or the policies and procedures adopted by Plaintiffs, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all

payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

13. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

14. Defendant has failed to pay the required contributions to the Funds for February 2020 and all subsequent months.

15. Upon information and belief, Defendant has failed to pay the required contributions to the Funds for various other months from January 1, 2018 to the present.

16. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions/Deductions)

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. Defendant has failed to pay the required contributions and deductions to the Funds and to the Union for February 2020 and all subsequent months.

19. Upon information and belief, Defendant has failed to pay the required contributions and deductions to the Funds and to the Union for various other months from January 1, 2018 to the present.

20. Defendant's actions are in violation of the CBA, Trust Agreements, and the policies and procedures adopted by Plaintiffs, and Defendant is therefore liable for delinquent

contributions, deductions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. Defendant has failed to make timely contribution payments for one or more work months during the period January 2016 through the present, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and/or interest on all delinquent contributions from their respective due dates until paid in full.

23. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV
### (LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)
### (Failure to Pay Liquidated Damages)

24. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

25. Defendant has failed to make timely contribution payments for one or more work months during the period January 2016 through the present, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and/or interest on all delinquent contributions from their respective due dates until paid in full.

26. Defendant's actions are in violation of CBA, Trust Agreements, and the policies and procedures adopted by Plaintiffs, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### (ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit)

27. Plaintiffs reallege each averment set forth as if fully rewritten herein.

28.     Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, deductions, liquidated damages, and interest.

29.     Defendant's refusal to submit to a payroll audit is in violation of the CBA, Trust Agreements, and the policies and procedures adopted by Plaintiffs, and, therefore, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A.      An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest;

B.      Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of January 2018 to the present, in an amount to be determined;

C.      Judgment in favor of Plaintiffs and against Defendant for unpaid dues owed by Defendant for the period of January 2018 to the present, in an amount to be determined;

D.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period of January 2016 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

E.      Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

  F. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

  G. Judgment on behalf of Plaintiffs and against Defendant for the costs of any payroll audit of Defendant;

  H. An award of the costs and auditor fees incurred in the conduct of the audit;

  I. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, the policies and procedures adopted by Plaintiffs, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

  J. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

  K. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Dated:  July 21, 2020

            Respectfully submitted,

            /s/ Jennie G. Arnold
            Jennie G. Arnold
            LEDBETTER PARISI LLC
            5078 Wooster Road, Suite 400
            Cincinnati, Ohio 45226
            937-619-0900
            937-619-0999 (fax)
            *Counsel for Plaintiffs*